# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DARYL SPINDLER and GORDON BLACK** | )<br>)<br>) |
| *Plaintiffs,* | )<br>) |
| v. | )<br>) |
| **VACATIONS 4 YOU LLC,** | )<br>) |
| *Defendant.* | )<br>)<br>) |

Case Number_____

**JURY DEMAND**

## COMPLAINT

Plaintiffs, Daryl Spindler and Gordon Black (collectively, "Plaintiffs"), through their undersigned attorneys, state as follows:

## INTRODUCTION

1. This action involves violations of the Telephone Consumer Protection Act ("TCPA") by Defendant Vacations 4 You LLC.

## PARTIES

2. Plaintiff Daryl Spindler ("Spindler") is a citizen and resident of Hendersonville, Tennessee, located in Sumner County, Tennessee, located within the Middle District of Tennessee.

3. Plaintiff Gordon Black ("Black") is a citizen and resident of Nashville, Tennessee, located in Davidson County, Tennessee, located within the Middle District of Tennessee.

1

4. Defendant Vacations 4 You LLC ("V4Y") is a Tennessee limited liability company with its principal office and headquarters in Nashville, Tennessee, located within Davidson County in the Middle District of Tennessee.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §§ 1331 and 1367, this Court has subject matter jurisdiction over actions which arise from the Defendant's violations of the Telephone Consumer Protection Act of 1991, 47 USC § 227 (the "TCPA") and supplemental jurisdiction over Plaintiffs' remaining Tennessee state law claims, respectively, as those claims arise from the same transactions or occurrences at the core of Plaintiffs' federal claims.

6. This Court has personal jurisdiction over the Defendant, as the Defendant is a domestic Tennessee limited liability company with its headquarters in this state.

7. Venue in the Middle District of Tennessee is proper under 28 U.S.C. § 139l(b) because a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Tennessee.

## JURY DEMAND

8. Plaintiffs request a jury trial on the issues and claims set forth in this Complaint.

## FACTS

9. Plaintiffs are both listed on the federal government's "Do Not Call" registry (the "National Registry"). A copy of Plaintiffs' confirmation emails for opting into the National Registry are attached hereto as Exhibit 1.

10. Plaintiff Black and his wife do not have a landline in their home and use their cellular telephones for all residential purposes.

11. Plaintiff Spindler and his wife have a landline in their home, but they rarely use it.

12. Plaintiff Spindler typically lists his cellular telephone number for purposes of residential telephone calls.

13. Plaintiff Spindler provides his cellular telephone number as his primary form of contact when meeting new people and exchanging information.

14. For all intents and purposes, Plaintiff Spindler uses his cellular phone as a residential line.

15. Plaintiffs Spindler and Black each pay for their respective family's cellular phone plans, including the cellular telephones used by their respective wives.

16. Plaintiffs have never consented to receive phone calls from Defendant.

17. Plaintiffs have never engaged in business with Defendant.

18. Since November 1, 2020, Plaintiff Spindler and his wife have received twelve phone calls from Defendant to cellular telephones used by the Spindlers. A spreadsheet of the dates and times of these calls, the cellular telephone number called, the telephone number displayed on the cellular phone as the origination of the calls, and notes of particular relevance is attached hereto as Exhibit 2.

19. On August 9, 2021, Plaintiff Black received a phone call to his cellular telephone from Defendant. This call's details are also included in Exhibit 2.

20. On October 6, 2021, Plaintiff Black received a phone call to his wife's cellular telephone from Defendant. This call's details are also included in Exhibit 2.

21. To confirm a hunch, Plaintiffs attempted to return all telephone calls made by Defendants to the phone numbers listed on Plaintiffs' cellular phones as the originating numbers, but were unable to complete the calls.

22. On information and belief, these telephone calls did not proceed because the origination numbers displayed on the cellular phones were "spoofed" telephone numbers, meaning the calls were made utilizing software that concealed the true source of the call.

23. As documented in Exhibit 2, on four occasions callers on behalf of Defendant misidentified themselves as calling on behalf of companies Southwest Airlines, Embassy Suites, and Infinity Concierge Services, further evidencing an intent to mislead Plaintiffs as to the source of these unsolicited sales calls.

24. The TCPA is a federal law meant to protect consumers from harassing solicitation phone calls.

25. It is a violation of the TCPA to place telephone calls "using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b).

26. As Plaintiffs are on the National Registry, their phone numbers would not appear in any manually curated database of phone numbers, making it extremely likely the calls to their cellular phones by Defendant were generated from an automated telephone dialing system.

27. The fact that the calling numbers were "spoofed" also makes it extremely likely that the calls were generated from an automated telephone dialing system.

28. The TCPA also makes it a separate violation in subsection (c) for companies such as Defendant to fail to take precautions to not call people like Plaintiffs who are on the National Registry. 47 U.S.C. § 227(c).

29. Each call made to Plaintiff Spindler's personal cellular phone after the first is a violation of 47 U.S.C. § 227(c).

30. If, during the pendency of this action, any further calls are placed to either of Plaintiffs' or their wives' personal cell phones within twelve months' of the most recent call to each line listed in Exhibit 2, each call will be a violation of TCPA 47 U.S.C. § 227(c).

31. Plaintiff Daryl Spindler attempted to write to Defendant and its President Gregory Minor complaining of the illegality of this conduct and seeking the cessation of undesired phone calls and recompense pursuant to the TCPA on November 7, 2020. A copy of Mr. Spindler's email to Gregory Minor and a "read receipt" notification of this email are attached hereto as Exhibits 3 and 4, respectively.

32. Seven of the twelve phone calls received by Plaintiff Spindler from Defendant were made after Plaintiff Spindler sent this email to Mr. Minor.

### **COUNT I: KNOWING VIOLATION OF THE TCPA (47 U.S.C. § 227(b))**

33. Plaintiffs incorporate by reference the preceding paragraphs as if set out in full herein.

34. Defendant made sales solicitations to Plaintiffs' cellular phones from an automated dialing machine.

35. Plaintiffs have never entered into any sort of relationship with Defendant or otherwise authorized Defendant to make sales solicitations to Plaintiffs' cellular phones.

36. On information and belief, Defendant knew it was using an automated dialing machine when it made its calls to Plaintiffs' cellular phones.

37. Under the TCPA, Defendant is liable to Plaintiffs in the amount of $500 for every phone call Plaintiffs received in violation of subsection (b).

38. Under the TCPA, Defendant is liable to Plaintiffs for treble damages for "knowing" violations of subsection (b).

39. Defendant's President Gregory Minor received an email from Plaintiff Daryl Spindler explicitly informing him of his illegal conduct, yet Defendant proceeded to make seven (7) more such calls to Plaintiffs.

40. Therefore, Defendant is liable to Plaintiffs for treble damages due to its knowing violations of subsection (b) of the TCPA.

41. All of the cellular phone calls placed to Plaintiffs' and their wives' phones are in violation of TCPA 47 U.S.C. § 227(b).

## COUNT II: KNOWING VIOLATION OF THE TCPA (47 U.S.C. § 227(c))

42. Plaintiffs incorporate by reference the preceding paragraphs as if set out in full herein.

43. Defendant made sales solicitations to Plaintiff Spindler's cellular phone despite the fact that the called phone numbers are listed on the National Registry.

44. Plaintiff Spindler had never entered into any sort of relationship with Defendant or otherwise authorized Defendant to make sales solicitations to Plaintiffs' cellular phones.

45. On information and belief, Defendant took little to no precautions to prevent calling Plaintiff Spindler's cellular phone despite the fact it is on the National Registry in violation of 47 U.S.C. § 227(c).

46. Defendant knows that its procedures for sales solicitation calls entail little or no effort to avoid calling people on the National Registry such as Plaintiff Spindler.

47. Defendant's President Gregory Minor received an email from Plaintiff Daryl Spindler explicitly informing him of his illegal conduct, yet Defendant proceeded to make seven (7) more such calls to Plaintiff Spindler.

48.     Under the TCPA, Defendant is liable in the amount of $500 to Plaintiff Spindler for every phone call after the first call to his personal cellular phone, which he uses as a residential phone, within a twelve-month period in violation of subsection (c).

49.     Under the TCPA, Defendant is liable to Plaintiff Spindler for treble damages for "knowing" violations of subsection (c). Defendant knew that it was not taking precautions not to call cellular phones used as residential phone lines that were on the "Do Not Call" Registry such as Plaintiff Spindler's personal cellular phone.

### COUNT III: VIOLATION OF TENN. CODE ANN. § 47-18-2302

50.     Plaintiffs incorporate by reference the preceding paragraphs as if set out in full herein.

51.     When making its phone calls in violation of subsections (b) and (c) of the TCPA, Defendant used "spoofed" phone numbers.

52.     On information and belief, Defendant knowingly used "spoofed" phone numbers to make its illegal phone calls.

53.     Defendant made its illegal phone calls using "spoofed" phone numbers to circumvent the protections that the TCPA provides consumers, primarily by rendering it difficult to verify Defendant's identity.

54.     Therefore, Defendant knowingly caused a caller identification service to transmit misleading or inaccurate caller identification information with the intent to wrongfully obtain something of value from Plaintiffs in violation of Tenn. Code Ann. § 47-18-2302.

### COUNT IV: VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT OF 1977 (TENN. CODE ANN. § 47-18-101, *et seq.*)

55.     Plaintiffs incorporate by reference the preceding paragraphs as if set out in full herein.

56. When making the phone calls described above, on at least four occasions Defendant's representatives misidentified themselves as calling on behalf of companies other than Defendant.

57. By claiming to be calling on behalf of other companies, Defendant's call staff were "falsely passing off goods or services as those of another" in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104(b)(1).

58. Falsely passing off goods or services as those of another is a false and/or deceptive act pursuant to the Tennessee Consumer Protection Act.

59. Plaintiffs are entitled to a declaratory judgment that the act or practice violates the provisions of this part and to enjoin Defendant from engaging in this conduct.

60. Plaintiffs are entitled to their attorneys' fees for Defendant's violations of the Tennessee Consumer Protection Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

A. $1,500.00 in statutory damages for each knowing violation of the TCPA, 47 U.S.C. § 227(b);

B. $1,500.00 in statutory damages for each knowing violation of the TCPA, 47 U.S.C. § 227(c);

C. An injunction enjoining Defendant from further violations of Tenn. Code Ann. § 47-18-104 and 2302;

D. An award of Plaintiffs' reasonable attorneys' fees and costs pursuant to Tenn. Code Ann. § 47-18-2305(a); and

E. Any other relief that this Court deems just and proper.

Dated: December 6, 2021

                                              Respectfully Submitted,

*/s/ Seamus T. Kelly*
Seamus T. Kelly (TN BPR# 032202)
David J. Goldman (TN BPR# 035151)
MUSIC CITY LAW, PLLC
1033 Demonbreun Street, Suite 300
Nashville, TN 37203
(615) 200-0682
seamus@musiccityfirm.com
david@musiccityfirm.com

*Counsel for Daryl Spindler & Gordon Black*